Jiang v. Holder

BIA
Montante, IJ
A078 203 445
A078 203 446

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of September, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> DENNY CHIN,
> > *Circuit Judges.*

———————————————————————————————————

ZHENGRONG JIANG, HANG JIANG

> *Petitioners,*

> > v.

ERIC H. HOLDER, JR.,* UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

08-5677-ag

NAC

———————————————————————————————————

FOR PETITIONERS:      Jisheng Li, Honolulu, Hawaii.

—————————————

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Kristen Giuffreda Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhengrong Jiang and Hang Jiang ("the Jiangs"), natives and citizens of the People's Republic of China, seek review of a November 5, 2008, order of the BIA affirming the November 7, 2002, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhengrong Jiang, Hang Jiang*, Nos. A078 203 445/446 (B.I.A. Nov. 5, 2008), *aff'g* Nos. A078 203 445/446 (Immig. Ct. Buffalo Nov. 7, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir. 2007). The applicable standards of review

2

are well-established.  U.S.C. § 1252(b)(4)(B); *see also*
*Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d
Cir. 2007).

In a prior order issued pursuant to joint stipulation, we instructed the agency to analyze the Jiangs' economic persecution claim and their claim that they faced future persecution based on having two U.S.-citizen children.

**I.   Economic Persecution**

The Jiangs argued that the 6,000 RMB fine levied against them for violating the family planning policy was "eight times" their monthly salary.  The BIA determined that there was insufficient evidence to demonstrate that they suffered economic deprivation of such a deliberate and severe nature so as to constitute past persecution. This was not error, as the Jiangs provided no other information—such as information regarding savings, net worth, or other financial resources—that would have made it possible to evaluate their ability to pay the fine. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 69-70 (2d Cir. 2002)(requiring claims of economic persecution to be supported by evidence or testimony concerning the relative impact of the economic harm on the asylum applicants, given

3

their income, assets, and ability to earn a living through alternative means); *Matter of T-Z-*, 24 I. & N. Dec. 163, 170-71 (BIA 2007) (emphasizing that economic harm must be "severe," such that it would "constitute a threat to an individual's life or freedom").

## II. Well-Founded Fear Based on Having Two U.S.-Citizen Children

Substantial evidence also supports the BIA's finding that the Jiangs failed to meet their burden of demonstrating a well-founded fear of being forcibly sterilized in China based on the birth of their two U.S.-citizen children. Indeed, this argument is largely foreclosed by our decision in *Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008). The Jiangs argue that the agency failed to consider adequately the "individualized" and "unique" evidence they presented. However, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). The Jiangs advance no argument that would compel the conclusion that the BIA ignored any of the evidence they submitted. *See id.*

For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

_____